**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

MARCO ANTONIO REYES-TAVAREZ,                    :
                Petitioner,                    :
                                 :

                v.                    :          Civil No.: 2:26-cv-05241-JMG
                                 :

J.L. JAMISON, *et al.*,                    :
                Respondents.                    :

---

**ORDER**

**AND NOW**, this 31st day of July, 2026, upon consideration of the Petition for Writ of Habeas

Corpus (ECF No. 1), and the Government's Answer (ECF No. 3), **IT IS HEREBY ORDERED** as

follows:

        1.    The Petition (ECF No. 1) is **GRANTED**;[1]

---

[1] Mr. Marco Antonio Reyes-Tavarez is a 41-year-old citizen of the Dominican Republic who entered the United States in approximately December 2022 and, prior to his detention, resided in Philadelphia, Pennsylvania. *See* Verified Pet. for Writ of Habeas Corpus ("Habeas Pet.") ¶ 1 (ECF No. 1). On July 27, 2026, Mr. Reyes-Tavarez was detained by the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"), while attending a routine ICE check-in appointment. *See id.* ¶ 2. Although his check-in appointment had been scheduled for Sunday, July 26, 2026, the ICE office was closed when he appeared, and he returned the following day, when DHS detained him. *See id.* DHS currently detains Mr. Reyes-Tavarez at either the Philadelphia ICE Field Office or the Federal Detention Center in Philadelphia, Pennsylvania. *See id.*

Although Respondents do not restate their arguments in detail, instead incorporating by reference the arguments they have raised in hundreds of prior cases before this Court, the vast majority of federal courts, including this Court, have consistently rejected those arguments. See, e.g., *Buele Morocho v. Jamison*, No. CV 25-5930 (E.D. Pa. Nov. 26, 2025); *Patel v. McShane*, No. CV 25-5975, 2025 WL 3241212 (E.D. Pa. Nov. 20, 2025); *Ndiaye v. Jamison*, No. CV 25-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025); *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 U.S. Dist. LEXIS 226877 (E.D. Pa. Nov. 18, 2025); *Kashranov v. Jamison*, No. 25-5555, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); *Cantu-Cortes v. O'Neill*, No. 25-6338, 2025 WL 3171639 (E.D. Pa. Nov. 13, 2025).

The Government also acknowledges that, notwithstanding the weight of Circuit and district court authority against its position, it continues to rely on the arguments previously presented in this Court and before the Third Circuit. Specifically, the Government notes that its appeals in *Lopes De Andrade v. Director Philadelphia Field Office Immigration and Customs Enforcement*, No. 26-1454 (3d Cir.), and *Buele Morocho v. Warden Philadelphia FDC*, No. 26-1150 (3d Cir.), which concern

2.      Mr. Reyes-Tavarez is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2);

3.      The Government shall **RELEASE** Mr. Reyes-Tavarez from custody immediately and certify compliance with the Court's Order by filing an entry on the docket no later than **5:00 p.m. ET on August 4, 2026**;

4.      If the Government chooses to pursue re-detention of Mr. Reyes-Tavarez pursuant to 8 U.S.C. § 1226(a), it must afford him the process due, including but not limited to a bond hearing upon his request, pursuant to 8 C.F.R. §§ 1236.1 (c)(8), (d)(1), etc.; and

5.      The Clerk of Court is **DIRECTED** to **CLOSE** this case.[2]

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

both the statutory and constitutional due process issues presented here, remain pending following expedited briefing and oral argument.

Accordingly, Mr. Reyes-Tavarez's mandatory detention without the opportunity for a bail hearing is unlawful.

[2] The Court shall retain jurisdiction of this matter for thirty (30) days unless otherwise ordered.